**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| WANDA FRANKE, | : | CIVIL ACTION NO. 23-1902 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | PLAINTIFF REQUESTS |
| GIANT FOOD STORES, | : | TRIAL BY JURY |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| GIANT FOOD STORES, LLC, | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| THE GIANT COMPANY, | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| GIANT FOOD STORES, INC., | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| AHOLD U.S.A., INC.; | : | |
| COURTNEY JAINDL, (INDIVIDUALLY); | : | |
| LYNSEY KOUCH, (INDIVIDUALLY); | : | |
| THOMAS WASKO, (INDIVIDUALLY); | : | |
| AND CONNIE PERIPHERY, | : | |
| (INDIVIDUALLY), | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Wanda Franke, by and through her attorneys, Derek Smith Law Group, PLLC, hereby files the following civil action complaint against Defendants, Giant Food Stores, individually and d/b/a Giant; Giant Food Stores, LLC, individually and d/b/a Giant; The Giant Company, individually, and d/b/a Giant; Giant Food Stores, Inc., individually, and d/b/a Giant; Ahold U.S.A., Inc.; Courtney Jaindl (individually); Lynsey Kouch (individually); Thomas Wasko, (individually); and Connie Periphery (individually), (collectively "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 20003-17 (amended in 1972, 1978, by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"); the

Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, et. seq. ("PHRC"), Section 626 of the ADEA.

## PARTIES

1.  Plaintiff, Wanda Franke ("Ms. Franke" or "Plaintiff") is an adult female who resides in the Commonwealth of Pennsylvania with an address for purposes of correspondence at 1045 North West End Boulevard, Lot 430, Quakertown, Pennsylvania 18951.

2.  Defendant, Giant Food Stores individually, and d/b/a Giant is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

3.  Defendant, Giant Food Stores, LLC individually, and d/b/a Giant is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

4.  Defendant, The Giant Company individually, and d/b/a Giant is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

5.  Defendant, Giant Food Stores, Inc., individually, and d/b/a Giant is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

6.    Defendant, Ahold U.S.A., Inc., is a business organization which is licensed to and regularly transacts business in the Commonwealth of Pennsylvania with offices for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

7.    Defendant, Courtney Jaindl (individually), is an adult female who aided and abetted the gender discrimination, sexual harassment and retaliation who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

8.    Defendant, Lynsey Kouch (individually), is an adult female who aided and abetted the gender discrimination, sexual harassment and retaliation who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

9.    Defendant, Thomas Wasko (individually), is an adult male who aided and abetted the gender discrimination, sexual harassment and retaliation who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

10.    Defendant, Connie Periphery (individually), is an adult female who aided and abetted the gender discrimination, sexual harassment and retaliation who resides in the commonwealth of Pennsylvania with an address for the purposes of correspondence at 1149 Harrisburg Pike, Carlisle, Pennsylvania 17013.

11.    At all times relevant to this Complaint, Defendants were Plaintiff's employer and employed at least 15 employees.

12.    At all times relevant to this Complaint, Plaintiff, Wanda Franke worked in the Commonwealth of Pennsylvania such that Defendants were required to consider Plaintiff, Wanda Franke's rights under the Pennsylvania Human Relations Act.

3

13. At all times relevant to this Complaint, Defendants violated Plaintiff, Wanda Franke's rights under the Pennsylvania Human Relations Act, in addition to Title VII of the Civil Rights Act of 1964.

14. At all times relevant to this Complaint Defendants were Plaintiff's joint and sole employers.

## JURISDICTION AND VENUE

15. This action involves a Question of Federal Law under Title VII of the Civil Rights Act of 1964.

16. This Court also has supplemental jurisdiction over the Commonwealth Law Causes of Action.

17. Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the Bucks County in the Commonwealth of Pennsylvania where the discrimination, harassment and hostile work environment complained of occurred.

18. Plaintiff, Wanda Franke, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendants as set forth herein.

19. Plaintiff's Charge of Discrimination was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

20. Plaintiff's rights under the Pennsylvania Human Relations Act will be ripe for suit one year after Plaintiff's Charge of Discrimination was dual filed at the PHRC and the PCHR.

21. Plaintiff hereby commences this lawsuit within ninety (90) days of the date when Plaintiff received the Dismissal and Notice of Rights from the EEOC.

## MATERIAL FACTS

22. On or around September 30, 2018, Plaintiff, Wanda Franke began her employment with Defendants as a Front-End Clerk/Cashier.

4

23. Plaintiff, Wanda Franke, was unlawfully terminated on September 9, 2022, due to Plaintiff's membership in a protected class.

24. Plaintiff was terminated due to her sex and gender.

25. Plaintiff was unlawfully terminated by Defendant, Thomas Wasko.

26. At all times relevant to this Complaint, Defendant, Thomas Wasko was employed by Defendants and held the position of Store Manager.

27. As Store Manager, Defendant, Thomas Wasko had the authority to subject Plaintiff to a tangible employment action, including termination.

28. Defendant, Thomas Wasko subjected Plaintiff to discrimination and harassment in the workplace due to her sex and gender during Plaintiff's employment for Defendants.

29. Plaintiff, Wanda Franke was employed by Defendants, Giant Food Stores individually and d/b/a Giant, Giant Food Stores, LLC individually and d/b/a Giant, The Giant Company individually and d/b/a Giant, Giant Food Stores, Inc., individually and d/b/a Giant, and Ahold U.S.A., Inc (collectively "Giant").

30. Defendants reason for Plaintiff's termination is Plaintiff's sex and gender, however, in an attempt to hide their unlawful activity and disparate treatment of Plaintiff, Defendants made up a false reason for Plaintiff's termination.

31. The false reason Defendants made up for Plaintiff's termination is mere pretext to hide Defendants true intent which was Plaintiff's sex and gender.

32. Defendants had no issue with Plaintiff's sex and gender until Defendants learned that Plaintiff was married to a transgender female.

33. Plaintiff's first stint of employment for Defendant began sometime around 2019.

34. Plaintiff's second stint of employment occurred between 2021 and 2022.

35.   Plaintiff's third stint at Giant began sometime around July 2022, and Plaintiff was permitted to work only four days.

36.   Defendants first learned that Plaintiff was married to a transgender women during Plaintiff's third stint at Giant.

37.   The first two times that Plaintiff was employed with Defendants, Giant, Plaintiff did not disclose that Plaintiff's spouse was a transgender woman.

38.   The third time that Plaintiff was employed with Defendants, Plaintiff disclosed that Plaintiff was married to a transgender women.

39.   The first two times that Plaintiff was employed with Defendants, Plaintiff identified her spouse as Plaintiff's emergency contact, however, Plaintiff recorded her spouse's name using her spouse's dead name, which was William H. Franke.

40.   The third time that Plaintiff was employed with Defendants, Plaintiff identified her spouse as Plaintiff's emergency contact, only this time, Plaintiff recorded and used her spouse's transgender name, Erica H. Franke.

41.   Plaintiff was ejected from her employment only four days after that and Defendants never permitted Plaintiff to work for Giant again.

42.   When Plaintiff identified her spouse as "Erika H. Franke," the third time Plaintiff worked for Defendants, Defendant's Front-End Manager, Lynsey Anne Kouch commented and rolled her eyes.

43.   Thereafter, Plaintiff was permitted to work only four days, before Defendants, ejected Plaintiff from the store under an intentionally false and misleading pretext.

44.   Thereafter, Defendants subjected Plaintiff to threats. Defendants threatened in words or substance, "I would think twice before doing anything about this (referring to the unlawful termination) because we have a lot of pictures of you."

6

45. During the four days of employment, Defendants subjected Plaintiff to conduct and comments of a sex and gender-based nature that had the purpose and effect of intentionally interfering with Plaintiff's work environment.

46. Defendants began questioning Plaintiff about Plaintiff's sexual relationship with Plaintiff's spouse.

47. Defendants stated, "is your husband really trans?"  Does that make you gay?"

48. Defendants ejected another female employee from working in the front-end of the store and the employee had to transfer to working in the bakery.

49. Supervisor/Front-End Desk Clerk Courtney Jaindl, stated, "see what happens when we don't like you" referring to the employee who was forced to transfer to the bakery.

50. Plaintiff was subjected to conduct and comments including, "because you are with a transgender women, that makes you gay."

51. Plaintiff was subjected to conduct and comments of a gender-based nature including but not limited to, "how to you satisfy her?"

52. Plaintiff was subjected to conduct and comments of a gender-based nature including but not limited to, "do you have oral sex?"

53. Plaintiff was subjected to conduct and comments of a gender-based nature including but not limited to, "what does your husband do – does he date other men?"

54. Plaintiff was subjected to conduct and comments of a gender-based nature every day throughout Plaintiff's employment.

55. The conduct and comments were severe and pervasive and caused Plaintiff to be subjected to a hostile work environment.

56. Plaintiff was then accused of pushing another employee as the pretext for terminating Plaintiff.

57. The gender-based conduct and comments came from Courtney Jaindl (individually), Lynsey Kouch (individually), and Connie Periphery (individually) so that these individual Defendants aided and abetted the discrimination and harassment in the workplace and the hostile work environment.

58. Then Defendant, Thomas Wasko aided and abetted the disparate treatment (in addition to the hostile work environment) by working with the other individual Defendants to subject Plaintiff to an unlawful suspension followed by an unlawful termination.

59. Plaintiff was accused of pushing Courtney Jaindl.

60. Defendants, including Lynsey Kouch, described the false allegation, stating "you pushed her between the shoulder blades really hard."

61. Plaintiff is a seventy-one-year-old woman.

62. At no time did Plaintiff push any employee at Giant or any other place where Plaintiff worked throughout her life.

63. Defendants intentionally subjected Plaintiff to this false allegation in order to eject Plaintiff from her employment due to Plaintiff's sex and gender.

64. Sometime around the Fourth of July weekend, just days after Plaintiff began her employment for Defendants, Plaintiff was instructed to leave the store pending the outcome of an investigation.

65. Plaintiff asked multiple times for Defendants to provide some sort of written documentation of the suspension, however, Defendants refused to provide any written document and ejected Plaintiff from the store.

66. Defendants waited until the last 15 minutes of Plaintiff's shift and instructed Plaintiff to leave the store. This occurred sometime around Tuesday, July 5, 2022.

67. Plaintiff was unlawfully suspended from sometime around July 5, 2022, until sometime around September 9, 2022.

68. On September 9, 2022, Plaintiff received a phone call from Defendant, Tom Wasko, as which time Plaintiff was informed that Plaintiff was terminated from her employment.

69. Defendants terminated Plaintiff due to Plaintiff's sex and gender.

70. Defendants refused to provide Plaintiff with any letter confirming the unlawful suspension.

71. Defendants refused to provide Plaintiff with any letter confirming the unlawful termination.

72. Defendants refused to provide Plaintiff with any confirmation that any investigation was conducted prior to the unlawful termination and suspension.

73. Other employees who knew about the unlawful suspension and termination informed Plaintiff that they did not want to be involved with Defendants unlawful activity.

74. Defendants stated that they had pictures and video of Plaintiff pushing another employee.

75. Defendants stated in words and substance, "we are not going to be able to show you the pictures or video."

76. The entire store is under video surveillance.

77. Plaintiff was accused of pushing another employee near the cash registers in the front of the store, where the entire part of the store is subject to video surveillance.

78. Defendants stated that they identified and preserved the camera footage, however, Defendants never had any camera footage that showed Plaintiff putting her hands on another employee.

79. Defendant, Courtney Jaindl (individually) lied about Plaintiff in order to subject Plaintiff to further hostility and abuse including suspension and termination.

80. Defendant, Tom Wasko lied in order to subject Plaintiff to further hostility and abuse including suspension and termination.

81. Defendants have subjected other transgender and/or gay employees to disparate treatment due to their sex and gender.

82. As a result of Defendants' conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

83. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

84. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

85. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

86. Plaintiff has further experienced severe emotional and physical distress.

87. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

88. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

89. Defendants at all times refused to investigate or take appropriate remedial action in response to Plaintiff's complaints of discrimination, harassment and hostile work environment.

90. Defendants discriminatory conduct was severe and pervasive, created a hostile work environment for Plaintiff.

91.    The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

92.    Upon information and belief, Defendants' discrimination and retaliation will continue after the date of this complaint and claimant hereby makes a claim for all continuing discrimination and retaliation.

93.    Plaintiff further claims constructive and/or actual discharge to the extent she is terminated from him position as a result of the retaliation and harassment

94.    Plaintiff claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

95.    Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

96.    Plaintiff was subjected to adverse employment actions including being denied pay raises and promotions, having her hours reduced and other changes to the terms and conditions of Plaintiff's employment.

**COUNT I**
**DISCRIMINATION UNDER**
**THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

97.    Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

98.    Section 626 of the ADEA provided it shall be unlawful for an employer:

a.    to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to their compensation, terms, conditions or privileges of employment, because of such individual's age;

b.    to limit, segregate, or classify their employees in any way which would deprive or tent to deprive any individual of employment opportunities or otherwise adversely affect

11

          his status as an employee, because of such individual's age; or

   c.  to reduce the wage rate of any employee in order to comply with this chapter.

   d.  It Shall be unlawful for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of such individual's age, or to classify or refer for employment any individual on the basis of such individual's age.

99.    Defendants engaged in unlawful employment practices prohibited by Section 626 of the ADEA by discriminating against Plaintiff because of his age.

100.    Defendants' age-based comments and conduct were severe and pervasive and occurred on a daily and/or weekly basis so that Plaintiff could not escape the discrimination and harassment in the workplace.

101.    Accordingly, Plaintiff was subjected to a hostile work environment due to Plaintiff's age.

102.    Defendants' conduct was severe in that Defendants engaged in acts of discrimination and harassment whereby a single act of Defendants' harassment was sufficient to create a hostile work environment.

103.    Defendants' conduct was pervasive in that Defendants continually subjected Plaintiff to abuse, ridicule, insults, criticism, contempt, and scorn, day after day so that Plaintiff was forced to endure age-based discrimination and harassment in the workplace on a daily and/or weekly basis.

104.    Defendants subjected Plaintiff, Wanda Franke, to disparate treatment by terminating Plaintiff's employment because of her age.

## COUNT II
## RETALIATION UNDER THE AGE
## DISCRIMINATION IN EMPLOYMENT ACT
### (Against Corporate Defendants Only)

105.    Plaintiff hereby incorporates all allegations contained in the above paragraphs as fully as if they were set forth at length.

> i. Section 623 (d) of the ADEA states the following: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or application for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

106.    Defendants violated Section 623 (d) of the ADEA because Defendants discriminated against Plaintiff due to Plaintiff's complaints of Defendants' unlawful employment practices as previously set forth herein.

107.    Plaintiff opposed and/or reported the continual discrimination and harassment in the workplace and Defendants' conduct continued and ratcheted up.

108.    Moreover, Plaintiff was subjected to disciplinary measures including termination after Plaintiff opposed and/or reported the discrimination and harassment in the workplace.

## COUNT III
## DISCRIMINATION UNDER TITLE VII
### (against corporate Defendants only)

108.    Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

109.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon

the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

110. SEC. 2000e-2. *[Section 703]* states as follows:

   (a) Employer practices:  It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

111. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because Plaintiff's sex and gender.

112. Defendants subjected Plaintiff to a hostile work environment.

113. Defendants subjected Plaintiff to disparate treatment and retaliation.

**COUNT IV**
**RETALIATION UNDER TITLE VII**
**(against corporate Defendants only)**

114. Plaintiff hereby incorporates all allegations contained in the preceding paragraphs as fully as if they were set forth at length.

115. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under this subchapter."

116.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of her employment because of her opposition to and reporting of the unlawful employment practices of Defendants.

117.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants.

109.    Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions, and/or privileges of her employment because of his opposition to and reporting of the unlawful employment practices of Defendants.

110.    Defendants acted against Plaintiff due to Plaintiff's opposition to Defendants' discrimination and harassment of Plaintiff.

111.    Defendants also acted against Plaintiff due to Plaintiff's protected activity in reporting and opposing discrimination.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**

By:   _/s/ Seth D. Carson_____
         Seth D. Carson, Esquire
         1835 Market Street, Suite 2950
         Philadelphia, Pennsylvania 19103
         Phone: 215.391.4790
         Email: seth@dereksmithlaw.com

DATED: May 18, 2023

16