## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| WANDA FRANKE, | : | CIVIL ACTION NO. 2:23-cv-01902-TJS |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GIANT FOOD STORES, | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| GIANT FOOD STORES, LLC, | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| THE GIANT COMPANY, | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| GIANT FOOD STORES, INC., | : | |
| INDIVIDUALLY, AND D/B/A GIANT; | : | |
| AHOLD U.S.A., INC.; | : | |
| | : | |
| Defendants. | : | |
| | : | |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION
### TO DIMSISS PLAINTIFF'S CIVIL ACTION COMPLAINT

Plaintiff, Wanda Franke hereby files this Response in Opposition to Defendants' Motion

to Dismiss Plaintiff's First Amended Civil Action Complaint. For the reason set forth below,

Defendants' Motion to Dismiss must be denied.

### I.      INTRODUCTION

Plaintiff, Wanda Franke ("Ms. Franke" or "Plaintiff") has pled facts in her First Amended

complaint sufficient to state a claim and move this matter to discovery. Plaintiff filed a First

Amended complaint as a matter of right under the F.R.C.P., in response to Defendants' first

Responsive pleading. Defendants' Response to Plaintiff's initial civil action complaint (Doc. 1)

was to file a Motion to Dismiss Counts I and II (Doc. 12 and 13), which were counts for

discrimination and retaliation, respectively, under the Age Discrimination in Employment Act

("ADEA").  In her First Amended Complaint, Plaintiff removed these claims and only continued

the case pursuant to discrimination and retaliation under Title VII of the Civil Rights Act of 1964

("Title VII").  These same counts were present in Plaintiff's initial civil action complaint, and

Defendants did not challenge their sufficiency.  When Plaintiff filed her First Amended

Complaint, she amplified her pleading with additional paragraphs and allegations in connection

with her discrimination and retaliation claims under Title VII.  It is therefore confusing how

Defendants are now arguing that Plaintiff's retaliation claims became insufficient when she filed

her First Amended Complaint.

Count II of Plaintiff's First Amended Complaint is sufficient to warrant denial of

Defendants' Second Motion to Dismiss.   Plaintiff does not have to satisfy a prima facie burden

at pleading stage; however, Plaintiff's First Amended Complaint clearly includes all prima facie

elements to move a retaliation case under Title VII through discovery to trial.  Resolving all facts

in Plaintiff's favor, Plaintiff has established that she was employed by Defendants during three

separate stints of employment and Defendants permitted Plaintiff to return each time. (Doc. 17,

¶¶ 30, 33, 34, 35, 36, 37).  This means that Plaintiff, Wanda Franke, was both employed by

Defendants and qualified for the position she held.  Plaintiff's First Amended Complaint also

includes detailed allegations describing multiple incidents of protected activity. Id. ¶¶ 90, 99,

103, 104.  Notwithstanding, Plaintiff is in a position to provide far more detail in connection with

multiple incidents of protected activity that occurred prior to her termination.  Because

Defendants did not challenge the sufficiency of Plaintiff's retaliation claims under Title VII in

the first Motion to Dismiss, Plaintiff spent more time curing the issues that Defendants did

identify, when she filed her First Amended complaint.  If the Court finds that Plaintiff's

retaliation claims are not sufficient at this time, Plaintiff asks for the opportunity to file a Second

Amended Complaint, during which Plaintiff can detail exactly who she spoke with, what was said, when it was said and why it constitutes protected activity.

Accordingly, Plaintiff asks the Court to deny Defendants Second Motion to Dismiss, or in the alternative, grant Plaintiff the opportunity to file a Second Amended Complaint.

## II.     LEGAL STANDARD

The Defendants filed their motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a). This Court is tasked with testing the sufficiency of Plaintiff's First Amended Complaint's and specifically those allegations related to Plaintiff's protected activity and Defendants' retaliatory response.  The question before this Court is whether Plaintiff's First Amended Complaint includes enough facts to state of claim of retaliation under the Pennsylvania Whistle Blower Law and the False Claims Act.

In deciding, the Court will consider all well-plead allegations of the complaint, viewed as true and in the light most favorable to the non-movant, to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665–66 (3d Cir. 1988) (*quoting Estate of Bailey by Oare v. Cnty. of York*, 768 F.2d 503, 506 (3d Cir. 1985) ). The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." *Id*. at 234–35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994)

(citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. *See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006) (*citing Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ). *Spece v. Lehigh Valley Health Network, Inc.*, No. 3:18CV1606, 2019 WL 1205298, at *2 (M.D. Pa. Mar. 14, 2019).

### III.   ARGUMENT

#### A.  Plaintiff does not have to satisfy a prima facie burden at the pleading stage.

Throughout Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, Defendants suggest that Plaintiff has not met the prima facie burden in connection with her retaliation claim.  And while the prima facie elements are relevant in review of a motion for summary judgment, a plaintiff cannot be required to satisfy this heighted standard prior to discovery.  In conflating the standard applicable for a motion for summary judgment with the standard applied for a motion to dismiss, Defendants divert attention from the only relevant issue: whether Wanda Franke has pled enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id.  As explained below, courts (including the United States Supreme Court) universally hold that the McDonnel Douglas burden-shifting framework does not apply on a motion to dismiss because it is an evidentiary standard *not a pleading requirement*. Swierkiewicz v. Sorema N. A., 534 U.S. 506,510 (2002). The Supreme Court of the United States held in Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002) the McDonnel Douglas burden shifting framework does not apply at the pleading stage:

1. In reviewing a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint;

2. The complaint in an employment discrimination suit need not contain specific facts under the McDonnell Douglas burden-shifting framework, but instead, must contain only a short and

plain statement of the claim showing that the pleader is entitled to relief under the employment discrimination statute at issue; and

3. The burden-shifting framework under McDonnell Douglas is an evidentiary standard NOT a pleading requirement.

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 510 (2002).

See also Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016) ("It is thus worth reiterating that, at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.  A prima facie case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim.") (internal citations omitted); Fowler v. UPMC Shadyside, 578 F.3d 203,213 (3d Cir. 2009) (same holding); Phillips v. Cty. Of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (same holding). Even post-Twombly, it has been noted that a plaintiff is not required to establish the elements of a prima facie case . . . Instead of requiring a prima facie case, the post-Twombly pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. ") (internal citations omitted).

Defendants' Motion to Dismiss seems to disregard the standards to which a plaintiff should be held at the pleading stage and asks this Court to apply a heighted standard prior to discovery.

**B. Plaintiff's First Amended Complaint does provide the what when and who regarding her retaliation claims.**

Plaintiff, Wanda Franke's First Amended Complaint provides a detailed account of conduct and comments to which Ms. Franke was subjected during her employment for Defendants.   Ms. Franke was subjected to lewd, pornographic comments about issues related to

her sexual relationship with her spouse. (Doc. 1 ¶¶ 54 through 72).  This includes comments about her sex life and oral sex and questions about what it was like to engage in a sexual relationship with her spouse.  The complaint describes these comments and then alleges that Ms. Franke engaged in protected activity by reporting these very comments during a specific (4) day period of time throughout the third stint of her employment.  Ms. Franke's complaint identifies the specific time period of the comments and protected activity as the Fourth of July weekend.  Ms. Franke alleges that she engaged in protected activity by reporting these comments and was terminated within days of the reports.

The pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  Application of this standard indicates that Plaintiff can unearth evidence during discovery that will establish her retaliation claims and her disparate treatment claims.  Therefore, Plaintiff's First Amended Complaint is sufficiently pled.

## IV.     CONCLUSION

For the reasons set fourth above, Plaintiff asks the Court to deny Defendants' Second Motion to Dismiss Plaintiff's First Amended Complaint, or in the alternative, permit Plaintiff to file a Second Amended Complaint where Plaintiff can provide additional information to amplify the pleading in connection with her retaliation claims.

**DEREK SMITH LAW GROUP, PLLC**

BY: _____*/s/ Seth D. Carson*_____
Seth D. Carson, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: September 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date that I caused a true and correct copy of Plaintiff's

Response to Defendants' Motion to Dismiss were sent to the below parties by ECF.

Mark A. Hipple
PA I.D. 312109
Austin W. Wolfe
PA I.D. 324056
100 Pine Street
Harrisburg, PA 17101
(717) 232-8000
(717) 237-5300 facsimile
Counsel for the Commonwealth Defendants

**DEREK SMITH LAW GROUP, PLLC**

BY:__/s/_ Seth D. Carson_____
        SETH D. CARSON, Esquire

DATED: September 22, 2023